IN THE SUPREME COURT OF THE STATE OF NEVADA

TATIANA LEIBEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82594

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus, petition for genetic marker analysis, and a petition to establish factual innocence.[1] Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

Based upon our review of the record on appeal, we conclude that the district court did not err in denying relief. Appellant's habeas corpus petition was untimely, successive, and an abuse of the writ, and appellant did not allege good cause to excuse the procedural bars.[2] *See* NRS 34.726(1), NRS 34.810(1)(b), (2), (3). Appellant further did not demonstrate actual innocence to overcome application of the procedural bars because she did not identify any new evidence, and consequently, did not show that "it is more likely than not that no reasonable juror would have convicted [her] in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]Although not specifically alleged as good cause, appellant's argument of ineffective assistance of postconviction counsel does not provide good cause. *See Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014) ("We have consistently held that the ineffective assistance of post-conviction counsel in a noncapital case may not constitute 'good cause' to excuse procedural defaults.").

21-35977

(internal quotation omitted); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1094, 1097 n.12 (2018). Appellant's petition for genetic marker analysis fell well short of the pleading requirements in that she did not identify specific evidence in the custody or possession of the State that could be subject to genetic marker analysis, explain why there is a reasonable possibility that she would not have been prosecuted or convicted if exculpatory results had been obtained through an analysis of the specified evidence, identify the type of testing she was requesting, or explain why such testing was not done at the time of trial. NRS 176.0918(3), (4)(a). And appellant's petition to establish factual innocence failed to identify any new evidence that would clearly establish her factual innocence. NRS 34.930 (defining newly discovered evidence). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc:  Hon. Nathan Tod Young, District Judge
Tatiana Leibel
Attorney General/Carson City
Douglas County District Attorney/Minden
Douglas County Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.